IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 10-0362 LJO |
| Plaintiff, | **ORDER ON WRIT OF HABEAS CORPUS PETITION** |
| vs. | (Doc. 76.) |
| STEVEN CHARLES LAUBLY, | |
| Defendant. | |

On August 12, 2011, this Court sentenced defendant to eight years on four tax evasion counts. On August 11, 2011, defendant had filed a "Petition for Writ of Habeas Corpus" ("petition"), which this Court construes as a motion seeking relief under 28 U.S.C. § 2255. On August 12, 2011, after sentencing, defendant filed a notice to appeal his sentence.

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Powell*, 24 F.3d 28, 31 (9th Cir. 1994). A "district court is divested of jurisdiction once a notice of appeal has been filed from the original sentence." *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993). *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam)("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.")

Defendant's notice of appeal divests this Court of jurisdiction. Defendant's petition, at a

minimum, touches on matters subject to his appeal. As such, this Court cannot address matters raised in defendant's petition during the pendency of his appeal. The Ninth Circuit Court of Appeals' rulings may render moot issues raised in defendant's petition.

On the basis of good cause, this Court DENIES defendant's petition as premature.

IT IS SO ORDERED.

**Dated:   August 19, 2011**                              /s/ Lawrence J. O'Neill
                                                                         UNITED STATES DISTRICT JUDGE