UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiff, <br><br> vs. <br><br> STEVEN CHARLES LAUBLY, <br><br> Defendant. <br> _____/ | CASE NO. CR F 10-0362 LJO <br><br> **ORDER ON 28 U.S.C. § 2255 MOTION** <br> (Doc. 121.) |

## INTRODUCTION

Defendant Steven Charles Laubly ("defendant") is a federal inmate and proceeds pro se to seek 28 U.S.C. § 2255 ("section 225") and related relief based on ineffective assistance of counsel and other unsupported grounds. This Court considered defendant's papers on the record and DENIES defendant section 2255 and other relief.

## BACKGROUND

After a jury trial during which defendant was represented by counsel, defendant was convicted of several counts of tax evasion and failure to file tax returns and received an eight-year sentence. Defendant appealed his sentence, which the Ninth Circuit Court of Appeals upheld with its December 10, 2012 decision and January 2, 2013 order of mandate. On March 3, 2014, defendant filed his papers comprising 81 pages to assert what this Court construes as unsupported claims of ineffective assistance of counsel and prosecution and Court errors.

1

# DISCUSSION

## *Ineffective Assistance Of Counsel*

Although defendant's papers include dozens of pages, their main thrust appears to be criticism of trial counsel, including mishandling incriminating and mitigating evidence.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland*, 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-678, 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has affirmatively proven prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the

confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066.  In addition, the court can find prejudice only when the outcome would have been different without counsel's errors.  *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843.  A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness.  *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994).  A defendant may be granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely because the outcome may have been different but for counsel's errors.  *Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842.  Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.  *Strickland*, 466 U.S. at 697.  Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

### *Trial Counsel*

Generally, trial counsel has the "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052. "Strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91, 104 S.Ct. 2052.  If an attorney is not aware of facts that would alert him to the need to conduct a particular investigation, a failure to investigate is not deficient performance. *Alcala v. Woodford*, 334 F.3d 862, 893 (9th Cir.2003)

Moreover, difference in opinion as to trial tactics does not constitute denial of effective assistance, *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir.), *cert. denied sub. nom.*, *Dondich v. United States*, 454 U.S. 1127 (1981), and tactical decisions are not ineffective

assistance simply because in retrospect better tactics are known to have been available. *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).

Failure to make a motion or to object is not ineffectiveness if the claim lacked merit. *James*, 24 F.3d at 26; *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985), *cert. denied*, 474 U.S. 1085, 106 S.Ct. 860 (1986). "Defense counsel need not request instructions inconsistent with its trial theory." *Butcher v. Marquez*, 758 F.2d 373, 377 (9th Cir. 1985); *see also United States v. Stern*, 519 F.2d 521, 524-525 (9th Cir.), *cert. denied*, 423 U.S. 1033, 96 S.Ct. 565 (1975) (reasoned tactical decisions are not faulted even if in retrospect better tactics were available); *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir.), *cert. denied*, 469 U.S. 838, 105 S.Ct. 137(1984).

Vague and speculative assertions that defense counsel was ineffective does not warrant section 2255 relief. *See United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986), cert. denied, 479 U.S. 1094, 107 S.Ct. 1309 (1986).

In essence, defendant appears to fault defense counsel's failure to guarantee a finding of his innocence or a sentence less than 15 months purportedly offered in plea negotiations. Defendant offers nothing meaningful to demonstrate erosion of his Sixth Amendment right to counsel or that defense counsel prejudiced his defense, especially given defendants obstructive behavior throughout proceedings before this Court. Nothing suggests that defense counsel made errors so serious as not to function as Sixth Amendment guaranteed counsel, especially considering defendant's conviction of the five charges against him and this Court's decision to sentence above the guideline range. Defendant points to neither unreasonableness of his defense counsel nor to a reasonable probability of a different result. Defendant offers nothing to substantiate a better result had defense counsel acted differently. This Court is not in a position to grant defendant a windfall and unwind the capable representation of defense counsel under difficult circumstances created by defendant. Defendant fails to substantiate an ineffective assistance of counsel claim based on defense counsel's handling of incriminating and mitigating evidence, investigation, plea negotiations or other matters mentioned in defendant's papers. Despite their length, defendant's papers lack specific facts of ineffective

assistance of counsel, and thus defendant is not entitled to section 2255 relief.

## Prosecution And Court Error

Defendant's papers allude to unsubstantiated prosecution and Court error during the proceedings before this Court. Defendant's papers fail to support with credible facts or law such frivolous claims which this Court need not address individually. *See Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.") Moreover, such claims were resolved, at least in part, by the Ninth Circuit's affirmance of defendant's sentence.

### *Certificate Of Appealability*

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A COA is improper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES defendant section 2255 and other requested relief and a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 6, 2014**                              **/s/ Lawrence J. O'Neill**
                                                                                UNITED STATES DISTRICT JUDGE